This is an appeal from a judgment entered on a directed verdict for appellee in the Circuit Court of Baldwin County. Appellants, Henry Shearer and Don Bryan, partners in a business called The Keg Korner, sued the Town of Gulf Shores for negligence and willful misconduct in connection with the issuance of a privilege license. Their complaint is premised on the failure of the Town of Gulf Shores to ascertain whether appellants had a valid health department permit prior to the Town's issuing its privilege license.
The license was issued to appellants to permit them to sell beer from a portable building during the summer of 1982. They did not contact the Department of Public Health before starting their operation, but shortly thereafter were notified by the department that they were in violation of numerous health regulations. They chose to cease operating rather than to correct *Page 979 
the violations. This suit was filed, claiming the Town was under a duty to require a valid health permit prior to issuing the privilege license. It is claimed this duty is found in the text of § 22-20-5 (c), Code 1975. It provides, in pertinent part:
 "[A]nd it shall be unlawful thereafter for the judge of probate of said county or for the city clerk of said municipality to accept payment for, or to issue, a privilege license for the operation of any establishment governed by said regulations unless the applicant for said license is in possession of a valid permit issued by the health officer for the operation of said establishment. It shall, therefore, be unlawful to operate, within any county or any incorporated municipality within the state of Alabama, wherein the aforesaid regulations have been declared to be in effect, any establishment which is governed by said regulations unless the operator of said establishment possesses a valid permit from the health officer for its operation; and further, the health officer is hereby authorized and empowered to suspend or revoke, after the expiration of reasonable time specifically named in an official written notice to the operator, the permit for the operation of an establishment governed by the aforesaid regulations for the flagrant or continuous violation of any provisions of said regulations."
Appellants contend that this duty inures to their benefit. The city issued the privilege license without demanding a valid health permit and it is alleged that representations were made to the effect that the health permits would not be necessary for the temporary business operation. Based on the foregoing, appellants contend the city has injured them by its negligence.
The elements required to support an actionable negligence claim are breach of a legal duty and an injury proximately resulting from the breach of duty (owed to plaintiffs). TG YStores v. Atchley, 414 So.2d 912, 914 (Ala. 1982). Under the facts of this case, and applicable laws, we find no legal duty owed plaintiffs by the Town and therefore no actionable negligence.
The statute in question is aimed at protecting the public health and is for the protection of the public. It creates no duty of the Town owed appellants. The Code establishes this:
 "(d) The health officer is hereby authorized and empowered to institute proceedings in the circuit court to enjoin the operation of any establishment governed by the aforesaid regulations when no more reasonable course of action will serve to protect the public health. . . ."
(Emphasis added.)
§ 22-20-5 (d), Code 1975.
The appellants proceed on a false assumption. They cannot be saved by the scintilla rule (ARCP 50 (e)) or a most favorable view of the evidence presented because "there is no duty to disclose laws which are accessible to and presumed to be known by all." Henson v. Estes Health Care Center, Inc.,439 So.2d 74, 76 (Ala. 1983). Appellants are charged with knowledge of §22-20-5 (c), Code 1975, requiring them to be in possession of a valid health permit for operation of their business as a condition to obtaining a privilege license.
We find that the court below properly directed a verdict in favor of the Town because appellants failed to establish aprima facie case. We need not address the issue of damages or contributory negligence in light of this opinion.
The judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 980