At the conclusion of the evidence in these cases, (one an action for personal injuries and the other based on the wrongful death of a minor), the trial court directed a verdict for the defendants, the Town of Mount Vernon and The Plus Social Club. The plaintiffs appeal from the judgments based on those directed verdicts. We affirm.
Valerie Harris was driving an automobile, in which there were five children riding as passengers, eastwardly on Movico Road, an unpaved road outside the town limits of Mount Vernon, but within its police jurisdiction. She stopped at the intersection of Movico Road and Highway 43. As she attempted to look left (north) for oncoming southbound traffic on Highway 43, her vision was obscured by vehicles parked along Movico Road and Highway 43. She testified that she was compelled to "inch up" and onto Highway 43. At this *Page 733 
time a van, travelling southward on Highway 43, indicated a right turn into Movico Road, which Harris said forced her to move even further onto the highway. Her automobile was struck by a vehicle driven by Willie Henderson, who was travelling south in the left southbound lane of Highway 43 (a four-lane highway). Ms. Harris and some of the children were injured; one of the children died as a result of the injuries. These two lawsuits were based upon that accident and the resulting injuries and death.
On appeal the plaintiffs argue that they produced evidence that the parked cars along Movico Road and Highway 43 resulted from business at a social club located in the southwest corner of the intersection of Highway 43 and Movico Road. They state in their brief that the "evidence clearly establishes that no police action had been taken on behalf of the Town of Mount Vernon to remedy the illegal, and dangerous condition which existed at the intersection of Highway 43 and Movico Road, and that persons parking in and about said intersection violated Alabama rules of the road . . . by parking too near stop signs, and also . . . by obstructing passage on roadways."
The evidence showed that the town council of the Town of Mount Vernon had discussed the parking situation around the intersection and had requested the State Highway Department to erect "No Parking" signs along the highway. These signs were eventually erected, but, according to the plaintiffs' theory, had the Town acted diligently the signs would have been erected earlier than they were, and, according to their argument, the accident would have been prevented. Similarly, the plaintiffs argue that had the Town of Mount Vernon enforced the rules of the road, which prevent one from parking too near stop signs (Code of Ala. 1975, § 32-5A-137 and § 32-5A-139), the accident would have been prevented.
Neither of these theories imposes liability upon the Town of Mount Vernon.
The Town of Mount Vernon has never undertaken to erect "No Parking" signs on State Highway 43. It had no authority to do so. It asked the State Highway Department to erect such signs and the State eventually did. The plaintiffs argue that once the town undertook to ask the State to erect such signs, it assumed a duty which the law does not require of it, and, having assumed that duty, it somehow breached it by not seeing that the signs were promptly erected. We are not impressed by this argument, and hold that the trial court correctly directed a verdict in favor of the town on this claim. Dorminey v. Cityof Montgomery, 232 Ala. 47, 166 So. 689 (1936); City ofPrichard v. Kelley, 386 So.2d 403 (Ala. 1980).
The plaintiffs' second theory of liability is likewise unpersuasive. Plaintiffs argue that had the town ticketed the cars parked along the highway, it would not have been necessary for one to enter the highway without knowing whether there was oncoming traffic. This argument falls of its own weight. SeeShearer v. Town of Gulf Shores, 454 So.2d 978 (Ala. 1984), andCalogrides v. City of Mobile, 475 So.2d 560 (Ala. 1985), where this Court held that the failure to provide police protection or the alleged inadequacy of police protection will not supply the basis for a tort action against a city.
The plaintiffs' brief fails to address the question of The Plus Social Club's liability in any manner. It is neither this Court's duty nor function to search for error not presented for review and argued in the brief. Rule 28, A.R.A.P.
The judgments of the trial court are affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur. *Page 734