This wrongful death case arises out of an automobile accident that occurred on May 7, 1988, in Macon County, Alabama. Robert E. Harris sued Macon County, alleging that Macon County had a duty to maintain the highways and roadways within its borders; that the county had breached this duty by negligently or wantonly allowing a dangerous condition to exist at the intersection of U.S. Highway 80 and County Road 69; and that his wife, Marvella B. Harris, and his daughter, Robbin S. Harris, sustained fatal injuries in the accident as a proximate result of Macon County's alleged negligence or wantonness.
Macon County answered with a general denial. On December 14, 1989, Macon County moved for summary judgment, claiming that the intersection in question had not been under the direction, control, or maintenance of Macon County, but had been under the exclusive direction, control, and maintenance of the State of Alabama. Harris subsequently amended his complaint to aver that Macon County had negligently or wantonly designed or constructed Highway 80 and had failed to warn persons of the danger of that intersection.
On August 2, 1990, the trial court entered a summary judgment in favor of the county as to all claims. The question before us is whether the trial court erred in holding that the intersection in question had been under the exclusive jurisdiction of the state highway department and, consequently, that Macon County has no liability in this case.
In support of its motion for summary judgment, Macon County presented the affidavit of James Horace, an assistant county engineer for Macon County. This affidavit read in part as follows:
 "It is my personal knowledge that the State of Alabama controls that entire intersection. The State of Alabama designed and built that section of the roadway and the State of Alabama has entire control for the maintainance of that intersection. Because the State of Alabama controls the entirety of U.S. Highway 80, including the part which creates the intersection in this case, the intersection is under the exclusive control of the State of Alabama
 "The State of Alabama controls all of U.S. Highway 80 and at least 40-50 feet of right-of-way in each direction from the center of the roadway of Highway 80. In other words, the State of Alabama controls not only U.S. Highway 80, but also at least 25-35 feet [of] right-of-way off of the actual roadway. This is true at the point where the intersection is located, so the State of Alabama controls not only the intersection but also a portion of County Road 69 which has the stop lines leading into the intersection.
 "It is the responsibility of the State of Alabama to put up traffic control devices at this intersection. Macon County does not have any right to create or maintain traffic control devices for this intersection. That responsibility is exclusively with the State of Alabama."
(C.R. 26-27)
Harris filed a brief in opposition to the motion for summary judgment, attaching the affidavit of James Stephens, maintenance engineer for the State of Alabama. Stephens's affidavit stated in part:
 "My name is James Stephens and I am forty-seven (47) years of age and a resident of Montgomery County, Alabama. I have been the maintenance engineer for the State of Alabama, Sixth Division, for the last fourteen (14) years. My job *Page 1297 
entails the general supervision of all state maintained highways in all counties in the Sixth Division, which includes Macon County. It is my job to investigate and repair any and all defects of state maintained highways in my counties that are brought to my attention. If a particular county is aware of a defect on a state maintained highway within that county, and advises me of said defects, I investigate and take appropriate action.
 "On June 3, 1988, the Macon County Commission passed a resolution that the intersection of Highway U.S. 80 and Macon County Road 69 was a dangerous and hazardous area in need of a caution signal. Said resolution was submitted to the Highway Department and we investigated and took corrective action, which included installing a flashing traffic signal."
(C.R. 37).
The court held a hearing on the motion for summary judgment on January 11, 1990. At that hearing, the plaintiff sought leave of the court to file a second affidavit of James Stephens. The trial judge gave the plaintiff 10 days to file the affidavit. The plaintiff did not file the second affidavit until February 14, 1990. On August 2, 1990, the trial judge entered a summary judgment in favor of the county. We affirm.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether summary judgment was properly granted, a reviewing court must view the motion in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Code 1975), for actions filed on or after June 11, 1987. See Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
The plaintiff contends that there was substantial evidence before the court indicating that the intersection in question was not under the exclusive control of the State of Alabama. We do not agree. Both affidavits establish that the State, not the county, maintained the intersection in question. The untimely affidavit of James Stephens does not dispute this fact. Stephens states in his late affidavit that a county may request permission from the state highway department to allow the county itself to install a traffic control device on a state-controlled roadway; that after a county makes such a request, the highway department determines whether the installation of the traffic control device on the state-controlled roadway is warranted; and that the state retains control of the decision whether to install the device. This affidavit reinforces the fact that the State of Alabama has exclusive control of the state-controlled roadways, like the one in this case.
The plaintiff argues that this Court should overrule its holding in Perry v. Mobile County, 533 So.2d 602 (Ala. 1988), which is on point with the present case. We decline to do so. In Perry this Court unanimously held as follows:
 "The evidence in the record conclusively establishes that the intersection of Hamilton Boulevard [a state highway in Mobile] and Rangeline Road is under the exclusive control of the State of Alabama. The State owns all of the right-of-way surrounding the intersection, and the intersection was entirely designed, constructed and maintained by the State. Yet, the appellants, relying on Jefferson County v. Sulzby, 468 So.2d 112, 114 (Ala. 1985), insist that Mobile County had *Page 1298 
a duty to warn of a dangerous condition of a roadway and a duty to keep the roadways under its control in a safe condition. The holding of Sulzby is not applicable to the facts in the instant case. It is undisputed that the intersection involved in this case, unlike that involved in Sulzby, was not under the control of the county. Consequently, Mobile County owed no duty to maintain the intersection in a safe condition, or to warn of the intersection's allegedly dangerous condition. Therefore, summary judgment was properly entered in favor of Mobile County."
The plaintiff here, like the plaintiff in Perry, argues that a county has a duty to keep its roads in a reasonably safe condition for travel and to remedy defects in the roadway on receipt of notice of those defects; the plaintiff citesJefferson County v. Sulzby, 468 So.2d 112, 114 (Ala. 1985),Macon County Comm'n v. Sanders, 555 So.2d 1054, 1057
(Ala. 1990), and Alabama Code 1975, § 23-1-80. However, as we said in Perry, the cases in which we have found this duty have been those in which the county controls the roadway, unlike the present case.
The evidence before the trial court on the motion for summary judgment reflects that the intersection in question was under the exclusive control of the State of Alabama. Both affidavits establish that the State, not the county, maintained the intersection in question. Further, any notice given to the county of an unsafe condition was given after the accident happened, not before.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ., concur.
KENNEDY, J., concurs in the result.