This case is before us for the second time. In the first appeal, from a summary judgment in favor of the defendants (the City of Enterprise and one of its police officers), we reversed the judgment and *Page 877 
remanded the case because discovery had not been completed and the summary judgment was, at the least, premature. SeeTyler v. City of Enterprise, 521 So.2d 951 (Ala. 1988).
Discovery has now been completed, and the trial court has again entered a summary judgment in favor of the defendants. The plaintiff appeals. We affirm.
On the night of May 10, 1985, Raymond Tyler, Jr., and his girl friend, Mary Hoffman, were in a bar drinking. They started home in Tyler's automobile around 4 a.m. and on the way got into an argument. Mary opened the door on the passenger side and fell out of the car. Officer Watson saw Tyler's car travelling down the street with the passenger-side door open. He turned around to pursue the car and saw that it had stopped, the passenger door still open. He stopped behind the car and approached Mary, who was lying on the side of the road, between the car and the curb. He asked her what was going on and if she was hurt. She said her leg was hurt, and, according to her, she told him that she and Tyler had been arguing and that she fell out of the car. She said she wanted to drive Tyler home because he was too intoxicated to drive himself. According to Mary, Officer Watson would not let her drive Tyler home, instead directing her to get into his patrol car. Mary said that Officer Watson talked to Tyler, who got out of his car; Mary said that Watson should have noticed that Tyler was intoxicated because, she said, he was unsteady on his feet and his speech was slurred. Mary says that Officer Watson told Tyler to go home, and then drove her to the police station. Watson says that he did not talk to Tyler, and that as he was helping Mary into his patrol car Tyler made a U-turn and drove off.
When Watson and Mary arrived at the police station, they learned that there had been an accident and later learned that Tyler had run head-on into a tractor-trailer within minutes of leaving the scene where Mary fell out of the car. Tyler was killed.
Tyler's father, James R. Tyler, as administrator, brought this wrongful death action against Watson and the City of Enterprise, alleging negligence and wantonness on the part of the City. On appeal from a summary judgment in favor of the defendants, the plaintiff argues that, because there is a dispute in the facts as to whether Officer Watson knew or should have known that Tyler was intoxicated, the summary judgment in favor of the officer and the City was improper.
Before a plaintiff may recover against a defendant tortfeasor on theories of negligence or wantonness, the plaintiff must show that the law imposed on the defendant a duty, that that duty has been breached, and that the plaintiff has suffered an injury as a proximate result of the defendant's breach of the duty imposed by law. In Luker v. City of Brantley,520 So.2d 517 (Ala. 1987), we held that, from the evidence, a factfinder could reasonably find that the officers had been negligent and that therefore the city could be found liable to a third party injured by the acts of the intoxicated driver. This holding of necessity recognizes a duty on the part of a police officer (and the city on whose behalf he acts) to a third party who may be injured by the intoxicated driver to take steps to keep the intoxicated driver off the public roads. Luker stands for the proposition that once a police officer, acting in the line and scope of his duty, knows that a driver is intoxicated, he has a duty to restrain him, and if he does not restrain him and a third party is injured by the intoxicated driver, the city may be liable for the negligence of the officer in allowing the intoxicated driver to proceed. Tyler argues that the duty extends to the intoxicated driver himself and that if he is injured as a result of his intoxication, the officer and the city should be liable.
It is true, as Tyler argues, that in Luker we said that the factfinder reasonably could have found that the cause of the injury was the negligence of the city in allowing the intoxicated driver to proceed to drive. A more accurate statement would have been: the proximate cause of the injury to the third party was the combined negligence of the intoxicated driver *Page 878 
and the city. That distinction is material to this case. Assuming, without deciding, that the duty of the city extends to the intoxicated driver as well as to third parties who may be injured by an intoxicated driver, the intoxicated driver can not recover on a theory of negligence against the city because the driver's negligence will have contributed to his injury and thus will bar a claim against the city and its officer.
In Carroll v. Deaton, Inc., 555 So.2d 140 (Ala. 1989), we held that a plaintiff who swerved off the road and rear-ended a boat trailer could not recover, although the boat trailer had no rear light as required by statute, because the plaintiff was shown to have been, in legal effect, intoxicated at the time of the accident (i.e., he had a blood alcohol limit in excess of .10%). We said:
 "[H]ere the proximate cause of Carroll's accident was not the absence of lights on Deaton's trailer, but rather Carroll's intoxication, which caused him to leave the highway."
We quoted from Alabama Power Co. v. Scholz, 283 Ala. 232, 238,215 So.2d 447, 452 (1968):
 "It is well established that a plaintiff in a negligence case cannot recover notwithstanding that he may have proven negligence on the part of the defendant, where plaintiff's own negligence is shown by his or the defendant's proof to have proximately contributed to his damage. . . ."
In this case, the evidence, viewed most favorably to the plaintiff, shows that Officer Watson, acting in the line and scope of his duty, knew or should have known that Tyler was intoxicated and that his continued driving would constitute a danger to himself and to others using the public roads. Assuming, without deciding, that he had a duty to Tyler to restrain him, and that his failure to do so was negligence, nevertheless, there can be no recovery against the officer or the city by Tyler's administrator for Tyler's own wrongful death, because the proximate cause of his death was the combined negligence of the officer and Tyler. Tyler's contributory negligence is a complete bar to his claim.Brown v. Piggly Wiggly Stores, 454 So.2d 1370, 1372 (Ala. 1984). Accordingly, the trial court properly entered the summary judgment in favor of the defendants in this case, because they were entitled to a judgment as a matter of law.
While contributory negligence, of course, is not a bar to a wantonness claim, the wantonness claim is not argued on appeal. The only issue raised on appeal is the propriety of the summary judgment on the plaintiff's negligence claim. Although the complaint contains allegations of wantonness on the part of the city, there is no evidence to support this claim. In fact, the plaintiff seems to concede that there is no evidence to support a wantonness claim, and he has apparently abandoned this claim, because the argument on appeal is limited to the negligence issue.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.