SHORES, Justice.
Michael Jackson appeals from a summary judgment in favor of the “Miss Elizabeth” D. Leckie Scholarship Fund (“Leckie Trust”), on claims that the Leckie Trust wrongfully foreclosed the mortgage on property owned by Jackson. We affirm.
The Leckie Trust consisted of several assets, including a house and lot that it sold in 1983 to Frank M. Knowles and Hellen L. Knowles. The purchasers executed an installment note in favor of the Leckie Trust in the amount of $82,058.40, and gave a mortgage securing the payment of that note. The debt was payable in 240 monthly installments of $341.91 each, due on the first of each month. The note contained an acceleration clause, which became effective if any installment was not paid when due. All payments were to be made at the office of Howard Haygood, a Butler County attorney, who has represented the Leckie Trust since its inception in 1981.
On April 19, 1986, the property was conveyed to William M. Waller, Jr., by deed; Waller assumed the obligation remaining on the note and the mortgage. On June 29, 1988, Waller conveyed the property to Jackson, subject to the mortgage; this conveyance was made without the knowledge or consent of the Leckie Trust. Haygood testified that, in the months preceding the foreclosure of the property, most of the monthly installments were delinquent.
In addition, Haygood was notified that the insurance on the mortgaged premises was canceled because the property was found to be in a poor state of repair when the insurance agent inspected it. Some of the agent’s findings included: dog manure on the front porch; dog food poured out on the porch; a large pile of garbage at the back door; and a large number of vehicles parked on the premises (the parking of vehicles violated the city’s zoning ordinance limiting the storage of vehicles to four in *1372 this particular zone). Haygood also inspected the premises and found the property to be in a state of disrepair.
Subsequently, Haygood declared the mortgage in default and published a notice of foreclosure in the Greenville Advocate newspaper on May 24, May 31, and June 7, 1990. On June 18, 1990, Jackson filed a complaint against the Leckie Trust in an effort to preclude the foreclosure sale; in addition, he moved for a temporary restraining order (“TRO”), which was denied. Haygood foreclosed the mortgage, and the Leckie Trust purchased the mortgaged premises.
Following the foreclosure, Jackson continued to occupy the premises. On July 28, 1990, Haygood delivered to Jackson a demand for possession of the premises. Jackson failed to vacate the premises, and the Leckie Trust sued Jackson and Waller for possession of the premises.
In January 1991, the parties entered into a settlement agreement, the terms of which were incorporated into a conditional judgment on January 10, 1991; that conditional judgment stated in part:
“2. This Judgment is conditional, but shall become final on February 8, 1991, unless the parties accomplish the following items on or before February 8, 1991:
“a. Defendants shall pay all past due installments, currently totaling $2,735.20 through January 8, 1991;
“b. Defendants shall reimburse Plaintiff the sum of $400.15 for Ad Valorem taxes, insurance and expenses of foreclosure;
“c. Defendants shall execute and deliver a new Promissory Note and Mortgage, based upon the same terms and conditions of the note and installment previously assumed by the Defendants, with the remaining term and balance to be calculated on the original amortization;
“d. Plaintiff shall deliver a Statutory Warranty Deed to the Defendants or either one of them.
“3. Should the Defendants fail to accomplish the above described items on or before February 8, 1991, then upon certification thereof by the Plaintiff or its attorney, the Sheriff of Butler County, or any law enforcement official of the state of Alabama ... is hereby authorized to evict the Defendants from the subject premises, without further notice.”
Jackson and Waller failed to comply with the terms of the conditional judgment. As a consequence, that conditional judgment became final on February 8, 1991. The judgment was in favor of the Leckie Trust and against Waller and Jackson for possession of the mortgaged premises.
An amended complaint was subsequently filed by Jackson; the Leckie Trust filed a motion for a summary judgment, which was granted on August 19, 1991. Jackson alleged in his affidavit in opposition to the summary judgment motion that he had complied with all terms and conditions of the mortgage and that he had had no notice of the foreclosure of the mortgage. The record shows otherwise.
The Leckie Trust established by testimony and documents that Jackson’s payments were not made in a timely fashion in accordance with the terms of the installment note; Jackson stated only that he made regular payments. The Leckie Trust established by testimony and documents that the insurance had been canceled because the house was in a poor state of repair; Jackson stated only that the house had never been in a state of disrepair. The Leckie Trust established through the evidence of two witnesses that Jackson violated certain zoning ordinances by keeping more than four vehicles parked on the premises; Jackson stated only that he did not violate any ordinance.
Pursuant to Rule 56, A.R.Civ.P., the standard of review is whether there was any genuine issue of material fact and, if not, whether the Leckie Trust was entitled to a judgment as a matter of law. In determining whether there was a genuine issue of material fact, the appellate court is limited to reviewing the factors and the evidence considered by the trial court when it entered the summary judgment. Purvis *1373 v. PPG Industries, Inc., 502 So.2d 714, 716 (Ala.1987).
After a party moving for a summary judgment has made a prima facie showing that there is no genuine issue of material fact, the burden shifts to the other party to show that there exists a genuine issue of material fact. Perry v. Mobile County, 533 So.2d 602, 604 (Ala.1988). The allegations contained in Haygood’s affidavit are specifically stated and establish a prima facie showing that there is no genuine issue of material fact. Jackson did not respond with contradictory testimony or other evidence creating a genuine issue of material fact.
“Summary judgment is not prevented by ‘conclusory allegations’ or ‘speculation’ that a fact issue exists.” Riggs v. Bell, 564 So.2d 882, 885 (Ala.1990). Jackson’s affidavit failed to state any facts other than the mere conclusion that he complied with his obligations under the mortgage and promissory note. The undisputed evidence of record belies that conclusion. Under these circumstances, the trial court properly entered the summary judgment, based upon the uncontradicted facts set out in Haygood’s affidavit. Southern States Coal, Inc. v. Bryant General Tire Co., 383 So.2d 198, 199 (Ala.Civ.App.1980). Because the evidence was not contradicted, there was no genuine issue of material fact.
The “substantial evidence rule” (Alabama Code 1975, § 12-21-12), applicable in actions filed after June 11, 1987, is read in conjunction with Rule 56. This Court has stated that “[i]n order to defeat a properly supported motion for summary judgment, [the nonmovant, here Jackson] must present substantial evidence, i.e., ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Harris v. Macon County, 579 So.2d 1295, 1297 (Ala. 1991), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala. 1989).
The evidence specifically shows without dispute that Jackson violated the covenants in the mortgage; therefore, the Leckie Trust was entitled to foreclose on the mortgage. Because the foreclosure was proper, the Leckie Trust was entitled to a judgment as a matter of law.
For the foregoing reasons, the summary judgment in favor of the Leckie Trust is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.