KENNEDY, Justice.
The plaintiff, Elroy Malone, appeals from a judgment based on a jury verdict in favor of the defendant, the City of Mobile. Malone’s complaint had alleged that the City had negligently failed to maintain a public walkway in order to make it safe for public travel.
The facts in this case are undisputed. On January 23, 1990, the plaintiff and his brother were returning on foot to their *404 mother’s home. As they were walking down St. Stephen’s Road in Mobile, Alabama, they attempted to cross Three Mile Creek. At the time, a public bridge with a pedestrian walkway stood over the creek. The bridge and walkway were under the control of the State of Alabama Highway Department. The brothers attempted to cross the pedestrian walkway. However, the plaintiff was unable to see a gaping hole in the boards of the walkway because it was dark. The plaintiff fell through the hole in the boards and was injured in the fall.
Following the accident, the plaintiff sued the defendant, the City of Mobile, for negligently failing to maintain a public walkway within the city limits in a fashion safe for travel. The defendant filed a motion for summary judgment, which was subsequently denied.
At trial, the judge charged the jury as follows:
“Ladies and Gentlemen, I charge you in this particular case the City of Mobile had no duty to inspect, maintain, or repair the bridge in question. The City of Mobile did, however, have a duty to use reasonable means to neutralize the danger to the public proximately resulting from the dangerous condition or defect in the bridge walkway.”
(R.T. 199-200).
The plaintiff objected to the charge. The defendant also objected, stating in pertinent part:
“Our exception would be to the charge that the City of Mobile negligently failed to neutralize the danger. The Court instructed the jury that the City had no duty to inspect, maintain or repair the bridge. The only duty that we see that could potentially remain under the phrase ‘neutralize’ would be to warn.
“We believe that to be an incorrect statement of the law. The duty to warn as we discussed or in the Macon County case [Morris v. Macon County, 579 So.2d 1295 (Ala.1991)] as well as the Perry case [Perry v. Mobile County, 533 So.2d 602 (Ala.1988) ], the Court has held that the County in those cases had no duty to warn.”
The jury found in favor of the defendant. The plaintiff’s motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial was denied.
On appeal, the plaintiff carries a heavy burden of persuasion. A judgment based on a jury verdict will not be reversed on appeal unless the plaintiff can prove that it is “palpably wrong or manifestly unjust.” Mahoney v. Forsman, 437 So.2d 1030, 1033 (Ala.1983); Holloway v. Robertson, 500 So.2d 1056, 1062 (Ala.1986).
The plaintiff argues that the trial court erred in charging the jury that the defendant had a duty to “neutralize” any danger on the walkway.
The trial court correctly instructed the jury that the defendant had no duty to “inspect, maintain, or repair” the walkway because the walkway was under the exclusive control of the State Highway Department. Morris v. Macon County, 579 So.2d 1295 (Ala.1991); Perry v. Mobile County, 533 So.2d 602 (Ala.1988).
Although the trial court incorrectly instructed the jury that the defendant had a duty to “neutralize” a danger on the walkway, the error was harmless. The error did not prejudice the plaintiff, but actually gave the plaintiff a theory of recovery that does not exist under current Alabama law. Therefore, any error in the jury charge was harmless. A judgment based on a jury verdict will not be overturned on appeal for error in the jury instructions unless the error “has probably injuriously affected” a party’s “substantial rights.” Rule 45, A.R.App.P. See King v. W.A. Brown & Sons, 585 So.2d 10 (Ala.1991).
All other arguments presented on appeal are without merit. Accordingly, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.