643 So.2d 543 (1993)
Marvin B. NUNNELEE, as administrator of the Estates of Rickey Allen Shoemake and Edith Nunnelee Shoemake, deceased
v.
CITY OF DECATUR, et al.
1911513.
Supreme Court of Alabama.
September 3, 1993.
Rehearing Denied June 24, 1994.
D. Leon Ashford and Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, for appellant.
Stephen V. Hammond of Chenault, Hammond, Hall & Reeves, Decatur, and A.J. Coleman and Jon R. Sedlak, Decatur, for appellees.
PER CURIAM.
The plaintiff appeals from a summary judgment entered in favor of the City of Decatur and its police officers in a wrongful death action, in which the plaintiff predicated liability against the city on the alleged failure of its police officers to arrest a person whose motor vehicle later crossed the median of Interstate Highway 65 and collided with the vehicle in which the plaintiff's deceaseds were riding.

*544 The Appeal

On March 5, 1989, Rickey Allen Shoemake and his wife, Edith Nunnelee Shoemake, were killed when Willie Joe Robinson's vehicle collided with the Shoemakes' vehicle. Robinson was convicted of two counts of murder committed "while under the influence of alcohol" and was sentenced to life imprisonment without parole. See Robinson v. State, 584 So.2d 533 (Ala.Crim.App.), writ quashed, 584 So.2d 542 (Ala.1991).
Marvin B. Nunnelee, administrator of the Shoemakes' estate, filed a wrongful death action against the City of Decatur; Decatur police officers Noel Mayfield, Jerry Hale, and Jackie Sherrill; and Willie Joe Robinson. Nunnelee alleged that the Decatur police officers had acted negligently by releasing Robinson after stopping him in Decatur for a suspected DUI violation approximately 1 ½ hours before the fatal accident occurred.
The trial court entered a summary judgment in favor of all defendants except Robinson, concluding, among other things:
"The alleged injury or wrong suffered by plaintiff and/or his decedents was not done or suffered through the neglect, carelessness, or unskillfulness of any agent, officer, or employee of the City of Decatur engaged in work therefore and while acting in the line of his duty, nor was it done or suffered through the neglect, carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the Decatur City Council, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of said Council.
"These defendants, with respect to the events and occurrences made the basis of the complaint, acted at all times material hereto in a reasonable and lawful manner.
"Neither Sgt. Mayfield nor the other defendant police officers had probable cause to arrest defendant Willie Joe Robinson on March 5, 1989 for the offense of driving under the influence of alcohol.
"The acts or omissions to act, if any, of these defendants, with respect to the events or occurrences made the basis of the complaint, were not the proximate cause of alleged injuries or damages suffered by plaintiff or by his decedents.
"These defendants are immune from liability under the undisputed material facts in this case.
"These defendants breached no duty to the plaintiff or to his decedents on March 5, 1989.
"None of the defendants are liable to the plaintiff."
The court made the judgment final pursuant to Rule 54(b), A.R.Civ.P.; Nunnelee appeals. We affirm.
Evidence presented at the hearing on the motion for summary judgment tended to show that at 5:48 p.m. on March 5, 1989, Decatur police officer Elizabeth Wooten McNeil and another Decatur police officer answered a call to an apartment complex to investigate a reported disturbance. McNeil said that she found two women and Robinson, who was packing a suitcase. McNeil testified that Robinson did not appear intoxicated, that she did not smell alcohol on Robinson's person, and that she did not see evidence of alcohol in the apartment.
At 6:24 p.m. on that day, Robinson's vehicle almost collided with a City of Decatur police car driven by Sgt. Noel Mayfield. Suspecting that Robinson was intoxicated, Mayfield, assisted by officers Jackie Sherrill and Jerry Hale, stopped Robinson. The officers testified that Robinson "passed" a field sobriety test and that when Sherrill and Hale searched Robinson's vehicle they found one unopened can of beer. The officers stated that Robinson did not appear intoxicated and that Mayfield issued Robinson a citation for driving without a license and then released him at approximately 6:30 p.m.
At approximately 7:55 p.m., Robinson's vehicle crossed the median of Interstate Highway 65 in Cullman County, Alabama, and collided with the Shoemakes' vehicle, killing the Shoemakes. Cullman County Deputy Sheriffs James Douglas Williams and Dennis Spradlin, and State Trooper Ricky Dale (all of whom were witnesses at the accident scene), the emergency medical personnel who *545 took Robinson from the accident scene to the hospital, and hospital personnel all testified that Robinson appeared to be highly intoxicated and that he smelled strongly of alcohol.
In determining whether the summary judgment was appropriate, we will first consider whether the city and the defendant police officers were entitled to substantive immunity, as the trial court held.
Citing Tyler v. City of Enterprise, 577 So.2d 876 (Ala.1991), and Luker v. City of Brantley, 520 So.2d 517 (Ala.1987), Nunnelee argues that this Court recognizes a cause of action based on the alleged negligence of police officers, while acting in the line and scope of their duties, in allowing an intoxicated driver to go free and to continue to operate his vehicle. In Tyler, this Court affirmed a summary judgment for the defendants on the ground that the plaintiff's decedent was contributorily negligent, as a matter of law, and that the plaintiff was, therefore, barred from recovering under a claim that the defendants had negligently caused the decedent's death by failing to stop him from driving because of his intoxication; nevertheless, the Court wrote:
"In Luker v. City of Brantley, 520 So.2d 517 (Ala.1987), we held that, from the evidence, a factfinder could reasonably find that the officers had been negligent and that therefore the city could be found liable to a third party injured by the acts of the intoxicated driver. This holding of necessity recognizes a duty on the part of a police officer (and the city on whose behalf he acts) to a third party who may be injured by the intoxicated driver to take steps to keep the intoxicated driver off the public roads. Luker stands for the proposition that once a police officer, acting in the line and scope of his duty, knows that a driver is intoxicated, he has a duty to restrain him, and if he does not restrain him and a third party is injured by the intoxicated driver, the city may be liable for the negligence of the officer in allowing the intoxicated driver to proceed."
577 So.2d at 877.
The question on this appeal, therefore, is whether the summary judgment was proper in light of the evidence presented by Nunnelee in opposition to the defendants' motion for summary judgment. In short, did the defendants show "that there is no genuine issue as to any material fact and that [they were] entitled to a judgment as a matter of law"? Rule 56(c)(3), Ala.R.Civ.P.; King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12, 12-13 (Ala.1990).
In Butler v. Aetna Finance Co., 587 So.2d 308, 311 (Ala.1991), this Court stated the rule that we apply:
"Rule 56 is read in conjunction with the `substantial evidence rule,' § 12-21-12, Ala.Code 1975 ... In order to defeat a properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., `evidence of such weight and quantity that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assur. Co., 547 So.2d 870, 871 (Ala.1989)."
In viewing the evidence, of course, we must resolve all doubts concerning the existence of a genuine issue of material fact in favor of the nonmoving party, Fountain v. Phillips, 404 So.2d 614 (Ala.1981), and, if there is substantial evidence that supports the position of the nonmovant, we must reverse the summary judgment. Boswell v. Coker, 519 So.2d 493 (Ala.1987).
"[S]ummary judgment is rarely appropriate in negligence actions, which almost always present factual issues of causation and of the standard of care that should have been exercised," Yarborough v. Springhill Memorial Hospital, 545 So.2d 32, 34 (Ala.1989).
Having applied these well-established principles to the judgment appealed from, and having considered the context of the evidence presented in support of, and that presented in opposition to, the motion for summary judgment, we conclude that the trial court properly entered the defendants' summary judgment.
Did the plaintiff present substantial evidence that the defendant police officers, acting within the line and scope of their duties, knew that Robinson was so intoxicated *546 that the Luker principle would be applicable? As this Court said in Tyler, "Luker stands for the proposition that once a police officer, acting in the line and scope of his duty, knows that a driver is intoxicated, he has a duty to restrain him, and if he does not restrain him and a third party is injured by the intoxicated driver, the city may be liable for the negligence of the officer in allowing the intoxicated driver to proceed." We conclude that the plaintiff did not present the necessary "substantial evidence." Consequently, the court properly entered the summary judgment on the ground that the officers, based on the facts of this case, were entitled to substantive immunity. In this connection, see Justice Almon's concurring opinion in Thetford v. City of Clanton, 605 So.2d 835, 843-44 (Ala.1992), in which he wrote:
"The principles of substantive immunity are particularly applicable to a case such as this one, where an officer is required to make difficult decisions on the spur of the moment. The need to attract and keep capable officers, the allocation of scarce resources for law enforcement, and the need for officers to make decisions based on the requirements of the circumstances rather than on their potential for personal liability are among the reasons for the doctrine of substantive immunity for public officers. This Court said in Calogrides [v. City of Mobile, 475 So.2d 560 (Ala.1985)]:
"`For the courts to proclaim a new and general duty of protection in the law of tort, even to those who may be the particular seekers of protection based on specific hazards, could and would inevitably determine how the limited police resources of the community should be allocated and without predictable limits....
"`"....
"`"...[T]here is no warrant in judicial tradition or in the proper allocation of the powers of government for the courts, in the absence of legislation, to carve out an area of tort liability for police protection to members of the public."'
"475 So.2d at 562, quoting Riss v. City of New York, 22 N.Y.2d 579, 582-83, 293 N.Y.S.2d 897, 897-98, 240 N.E.2d 860, 860-61 (1968)."
See also Nichols v. Town of Mount Vernon, 504 So.2d 732 (Ala.1987); Garrett v. City of Mobile, 481 So.2d 376 (Ala.1985); and Rich v. City of Mobile, 410 So.2d 385 (Ala.1982).
We hold that the plaintiff failed to show, by substantial evidence, that the defendants "knew" that Robinson was intoxicated. In fact, the evidence offered by the defendants in support of their motion for summary judgment was to the effect that Robinson was not intoxicated when the Decatur police officers stopped him, at least not to the extent that his driving would be impaired (Robinson stated that he had drunk two beers). Robinson was stopped because his pick-up truck almost collided with Officer Mayfield's police car, but in a field sobriety test Robinson showed no sign of intoxication. The only evidence that the police had any indication that Robinson was intoxicated was the statement by Officer Sherrill in Robinson's criminal trial that he had detected "a slight odor of alcoholic beverages in the truck." This does not constitute substantial evidence that the officers had a duty to arrest Robinson. At the very least, the evidence shows the wisdom of the substantive immunity rule, which shields the officers from liability in the exercise of their discretionary decision-making functions.
The trial judge concluded, as a matter of law, that "[t]hese defendants are immune from liability under the undisputed material facts in this case." We agree with his conclusion.
The judgment of the trial court, therefore, is due to be affirmed.

The Motion for Leave to File a Rule 60(b) Motion
On July 29, 1993, the plaintiff, after this appeal was submitted, filed with this Court a motion for leave to file a Rule 60(b), Ala.R.Civ.P., motion in the trial court, alleging, among other things, that the plaintiff had unsuccessfully tried to depose Robinson before the date of the hearing on the motion for summary judgment but that Robinson had refused to be deposed, on the ground *547 that his testimony might tend to incriminate him in his criminal trial. The summary judgment here on appeal was entered on May 15, 1992, more than a year ago. The claim against Robinson is still pending in the trial court, but the trial court, pursuant to Rule 54(b), determined that there was no just reason to delay the entry of a final judgment for the city and its officers, and the plaintiff appealed from that judgment. The record shows no reason why this Court should grant the plaintiff's motion; therefore, it is due to be denied.
AFFIRMED; MOTION DENIED.
MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
ALMON, J., concurs specially.
INGRAM, J., concurs in the result.
ALMON, Justice (concurring specially).
I concur to affirm the summary judgment for the reasons stated in my special concurrence in Thetford v. City of Clanton, 605 So.2d 835, 843-44 (Ala.1992).