HOOPER, Chief Justice
(dissenting):
I must respectfully dissent. The majority quashes the writ, ignoring the precedent of this Court. I think our precedent would require that we reverse the judgment of the Court of Civil Appeals and reinstate the judgment of the trial court.
It is undisputed that Timothy Samuel Jones was involved in an automobile accident at an intersection in Jefferson County and that intersection had been mistakenly maintained by Blount County. Mr. Jones sued Blount County, alleging that it had breached a duty to properly and safely maintain the roadway by failing to maintain, restore, or erect a stop sign at the intersection. Blount County responded by arguing that, because the accident occurred at an intersection located in Jefferson County, Blount County had no duty to maintain the stop sign at the intersection.
The trial court entered a summary judgment in favor of Blount County, stating:
“It appearing that there is no genuine issue as to any material fact and the defendants Blount County, Alabama, the Blount County Commission, Commission chairman Frank Green, and Commissioner Walton R. Thomas are entitled to a judgment as a matter of law, the ... motion for summary judgment is granted.”
The Court of Civil Appeals reversed the summary judgment, holding that there was a question of fact as to whether Blount County had a common law duty to repair or replace the stop sign. Jones v. Blount County, 681 So.2d 202 (Ala.Civ.App.1995).
In Yates v. Town of Vincent, 611 So.2d 1040 (Ala.1992), this Court held that the Town of Vincent did not have a duty to maintain a stop sign at an intersection that was not in its jurisdiction. The Court in Yates cited several earlier cases from this Court holding that the duty to maintain traffic control devices follows the entity vested with authority to control the relevant roadway:
“See Harris v. Macon County, 579 So.2d 1295 (Ala.1991) (Macon County owed no duty to maintain traffic control at an intersection under the exclusive authority of the State Highway Department); Perry v. Mobile County, 533 So.2d 602, 604 (Ala.1988) (‘Mobile County owed no duty to maintain’ traffic control devices at an intersection under the exclusive authority of the State Highway Department); Nichols v. Town of Mt. Vernon, 504 So.2d 732 (Ala.1987) (Town of Mt. Vernon owed no duty to restrict parking on a highway under the control of the State Highway Department).”
611 So.2d at 1042. It is undisputed that the accident in this case occurred at an intersection located in Jefferson County and that Jefferson County had exclusive authority over that intersection. Blount County had *208 no control over the roadway; therefore, it did not have a duty to maintain the roadway.
This Court reiterated the Yates rationale in Garner v. Covington County, 624 So.2d 1346 (Ala.1993). In that case the plaintiffs sued the City of Opp and Covington County after they were involved in an automobile accident within the city limits of Opp. They entered an intersection that was marked by a stop sign, but the sign was covered by vegetation. An automobile accident occurred, and the plaintiffs were injured. One plaintiffs minor son was killed in the collision.
The Court of Civil Appeals has misread Gamer. It cites Gamer for the proposition that the trial court in this case erred by not submitting to the jury the question whether the county had a duty. However, this Court did not say in Gamer that the question of duty should always be submitted to the jury. Instead, it held that the question of duty is ordinarily a question of law for the trial court, but that the trial judge in Gamer did not err in submitting the question of duty to the jury. In Gamer, this Court affirmed the trial court’s finding that Covington County did not have a duty to maintain property that was in its jurisdiction.
In reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988) (relying on Chiniche v. Smith, 374 So.2d 872 (Ala.1979)); Rule 56(c) A.R.Civ.P. The movant has the burden of “showing material facts, which, if uncontested, entitle the movant to [a] judgment as a matter of law.” Berner v. Caldwell, 543 So.2d 686, 688 (Ala.1989); Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110, 1111 (Ala.1977). Once the movant has made this showing, the opposing party then has the burden of presenting substantial evidence creating a genuine issue of material fact. Danford v. Arnold, 582 So.2d 545, 546 (Ala.1991); Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989).
This Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990); Harrell v. Reynolds Metals Co., 495 So.2d 1381, 1383 (Ala.1986); Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986).
There is no material fact in dispute in this action; the intersection where the accident occurred was located exclusively within the jurisdiction of Jefferson County. I think the trial judge correctly entered the summary judgment for Blount County. Therefore, I must dissent from the majority’s decision to quash the writ and let stand the opinion of the Court of Civil Appeals, which reversed the judgment of the trial court.
MADDOX, J., concurs.