YATES, Judge.
Safeco Insurance Company (“Safeco”), appeals from a summary judgment in favor of Mobile Power and Light Company, Inc. (“Mobile Power”). This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In March 1998, Safeco and two of its insureds, Audrey Loyd and Brenda Loyd, sued Mobile Power, alleging that Mobile Power had negligently performed the installation and/or repair of electrical wiring in the Loyds’ residence, and that its negligence had resulted in a fire that destroyed the residence. Mobile Power moved for a summary judgment, arguing that there was no evidence to support a negligence action against it and that it was therefore entitled to a judgment as a matter of law. Rule 53, Ala. R. Civ. P. Although the record does not contain the order denying the summary judgment motion, the court denied it on February 19, 1999. On a reconsideration, the court, on September 13, 1999, granted the motion and entered a summary judgment. This appeal followed.
A summary judgment is appropriate only when the moving party shows “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), Ala. R. Civ. P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting “substantial evidence” creating a genuine issue of material fact. § 12-21-12, Ala.Code 1975; Hope v. Brannan, 557 So.2d 1208 (Ala.1989). In *754 determining whether the evidence creates a genuine issue of material fact, a court will view the evidence in a light most favorable to the nonmoving party. King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12 (Ala.1990).
The scant record before us suggests these facts: In 1994, the Loyds hired Mobile Power to install an electrical system in their new residence. Bill Barry, the owner of Mobile Power, performed all of the electrical work on the residence; he was assisted by another licensed electrician. Barry stated in his affidavit that all of the electrical work was “performed in accordance with building code specifications.” The record contains only portions of the deposition testimony provided by several of the witnesses. Theodore Blunt, an inspector for the Mobile County Building Inspection Department, stated that he had performed two inspections at the Loyds’ residence in 1994, the “rough-in” inspection and the “service release” inspection, and that he found no problems in either of the inspections. George Casellas, a technical consultant hired by Safeco, stated in his affidavit that he had conducted a “failure analysis evaluation” of the electrical wiring at the Loyds’ residence and had concluded that the fire originated at the “electrical service disconnect installed inside the closet to serve the air handler system.” Casellas further stated:
“A thorough laboratory examination of the recovered evidence clearly revealed that a fault had taken place at one of the 120-volt power side lugs for the circuit breaker. The failure modes expected for these type failures include the phenomenon of ‘glowing connections’ or high resistance faults. These faults are more likely than not the result of loose or improperly made connections at the lugs. Loose connections develop from the following conditions: Improper lug torque during installation, mechanical failure of the screwed lug, or thermal shrinkage of the conductor inside the lug. A loose connection at the lug during installation should have been detected by the responsible electrician by conducting a ‘MEGGOHM’ reading of each branch circuit prior to turning the power on in the residence.
“An examination of the 60-amp fused disconnect for the air conditioning compressor at the exterior north wall of the residence revealed that a previous electrical fire had taken place only a few months prior to the subject fire occurrence. This problem had been corrected by the replacement of the fused disconnect inside the panel box. It was noted that this circuit was part of the same continuous feeder that supplied power to the air handler. Based on this precedent, the entire electrical system for the air handler and air conditioning compressor should have been inspected at that particular time for the existence of any possible inherent malfunctions.”
In Bell v. Colony Apartments Co., 568 So.2d 805 (Ala.1990), our supreme court addressed the elements required in a negligence claim to defeat a motion for summary judgment. The court stated:
“One of the elements that a plaintiff must establish in any negligence action, of course, is ‘proximate cause.’ A plaintiff must establish the existence of a nexus between the action of the defendant and the subsequent injury or damage sustained by the plaintiff. Where the plaintiff fails to show that the action of the defendant ‘proximately caused’ his injury or damage, then an action for negligence cannot be sustained as a matter of law.”
Id. at 807. The court further stated that “ ‘summary judgment is rarely appropriate in negligence actions, which almost always *755 present factual issues of causation and of the standard of care that should have been exercised.’ ” Id. at 809 (citation omitted); see also Nunnelee v. City of Decatur, 643 So.2d 543, 545 (Ala.1993). In Bell, the court reversed a summary judgment entered in favor of an apartment owner, holding that the tenants had produced sufficient evidence to create a genuine issue of material fact regarding the origin of a fire that had damaged their apartments, and that direct evidence was not necessary to prove their negligence claim if “proof of negligence may be established completely through circumstantial evidence.” Id. at 810.
After reviewing the record and the applicable caselaw, we conclude that the court erred in entering the summary judgment for Mobile Power. Safeco produced evidence that created a genuine issue of material fact as to whether Mobile Power properly performed the installation and/or repair work done at the Loyds’ residence. Accordingly, we reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J„ concur.
CRAWLEY and THOMPSON, JJ., dissent.