Levi Hunt sued Atrex, Inc., seeking to recover damages "not to exceed $50,000" with respect to injuries he allegedly had sustained when he fell on a cable-television line ("the cable") that Comcast Cablevision of Alabama, Inc. ("Comcast-Alabama"), had hired Atrex to bury underneath the real property of a cable-television subscriber. Hunt alleged that Atrex had negligently or recklessly installed the cable on which he had tripped and fallen, causing his injuries. Atrex filed a motion for a summary judgment, generally asserting that there was no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law based on the undisputed fact that Atrex had buried the cable within seven days of receiving a work order from Comcast-Alabama, as required by the contract that Atrex had entered into with Comcast-Alabama. Hunt filed a memorandum in opposition to Atrex's motion for a summary judgment. After a hearing, the trial court entered a summary judgment in favor of Atrex without stating findings of fact or conclusions of law. Hunt filed a motion to alter, amend, or vacate the judgment, which was denied. Hunt timely appealed to this court.
Our standard of review of a summary judgment is well settled:
 "We review a summary judgment de novo, applying the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing `that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law.' Rule 56(c)(3), Ala. R. Civ. P. The court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990). If the movant meets this burden, `the burden then shifts to the nonmovant to rebut the movant's prima facie showing by "substantial evidence."' Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala. 1992)."
Bailey v. R.E. Garrison Trucking Co., 834 So.2d 122,123 (Ala.Civ.App. 2002).
The evidence, when viewed in a light most favorable to Hunt, indicates the following. Comcast-Alabama contracted with Atrex to bury various cable-television lines that Comcast-Alabama had placed above ground; the contract set out that Atrex was to perform the work in a "good and workmanlike manner."[1] On July 22, 2003, Comcast-Alabama directed Atrex to bury a cable-television line located in the backyard of a residence in Mobile, and on July 25, 2003, an Atrex installer accompanied by a supervisor began the process of burying the cable, but those laborers stopped work at that site after a short *Page 124 
time, leaving a portion of the cable unburied. On July 27, 2003, while performing yard maintenance at the residence, Hunt was injured after he tripped and fell over the unburied portion of the cable that was hidden in tall weeds. On July 28, 2003, the day after Hunt sustained his injuries, Atrex finished burying the remainder of the cable at the residence.
Hunt states two issues on appeal; however, those issues may properly be considered as one, i.e., whether the trial court erred in entering a summary judgment in favor of Atrex. Hunt argues that Atrex failed to negate an essential element of his claim. Specifically, Hunt argues that in its motion for a summary judgment, Atrex failed to cite to any evidence indicating that it complied with its duty to perform the contract in a "good and workmanlike manner."
We note that a summary judgment is rarely appropriate as to a claim alleging negligence. Nunnelee v. City of Decatur,643 So.2d 543 (Ala. 1993). To establish negligence, a plaintiff must prove that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused the plaintiff injury or damage. Prince v. Wal-MartStores, Inc., 804 So.2d 1102, 1104 (Ala.Civ.App. 2001);Lowe's Home Ctrs., Inc. v. Laxson, 655 So.2d 943,945-46 (Ala. 1994). The existence of negligence is a mixed question of law and fact. Jones Food Co. v. Shipman, [Ms. 1051322, Dec. 15, 2006] ___ So.2d ___ (Ala. 2006).
 "`"The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact."'"
Robertson v. Travelers Inn, 613 So.2d 376, 378
(Ala. 1993) (quoting Berner v. Caldwell, 543 So.2d 686,688 (Ala. 1989), quoting in turn Schoen v. Gulledge,481 So.2d 1094, 1096 (Ala. 1985)).
 "`If the burden of proof at trial is on the nonmovant, the movant may satisfy the Rule 56[, Ala. R. Civ. P.,] burden of production either by submitting affirmative evidence that negates an essential element in the nonmovant's claim or, assuming discovery has been completed, by demonstrating to the trial court that the nonmovant's evidence is insufficient to establish an essential element of the nonmovant's claim. . . .'"
Ex parte General Motors Corp., 769 So.2d 903, 909
(Ala. 1999) (quoting Berner v. Caldwell,543 So.2d at 691 (Houston, J., concurring specially)).
It is apparent from the record that in support of its summary-judgment motion Atrex offered a contract entered into by a different corporate entity than the one for whom it was performing services at the time of Hunt's injury, that that contract was not the contract under which Atrex had been hired to perform the work at the residence where Hunt allegedly sustained injuries, and that there was a separate contract between Comcast-Alabama and Atrex. Furthermore, none of the portions of the contract between Comcast-Alabama and Atrex that were filed by Hunt contained the specific seven-day scheduling provision on which Atrex had relied as its sole ground in its summary-judgment motion. Although Hunt has parsed his argument on appeal so as to focus primarily upon what he claims is Atrex's failure to negate the duty element of negligence, Atrex in this case simply did not present evidence that would have negated any of the essential elements of Hunt's negligence claim. *Page 125 
Applying the above principles of law, we conclude that the trial court erred in entering the summary judgment. We, therefore, reverse that judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, J., concur.
BRYAN and MOORE, JJ., concur in the result, without writing.
[1] In support of its motion for a summary judgment, Atrex attached a copy of a contract that Comcast Communications of Meridian, Inc., a different corporate entity than Comcast-Alabama, had entered into with Atrex. Hunt filed a partial copy of the contract between Comcast-Alabama and Atrex in support of his opposition to Atrex's summary-judgment motion. The contract excerpts filed by Hunt did not contain the scheduling provision purportedly requiring Atrex to bury the cable within seven days of receiving a work order that Atrex had relied on in its motion for a summary judgment, although both contracts required Atrex to perform the work in a "good and workmanlike manner."